UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN NICHOLS and <br> ANDROSCOGGIN COUNTY <br> EMPLOYEE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> ANDROSCOGGIN COUNTY, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 2:14-cv-421-NT <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

The Defendant's motion to dismiss challenges: (1) whether there is a basis for the Plaintiffs' statutory wage claims; (2) whether the wage claims have already been decided in arbitration; (3) whether the state and federal wage claims are preempted by federal law; and (4) whether there are actionable FLSA and Maine wage claims. The Plaintiffs object to the motion. The Defendant's Motion to Dismiss will be **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In this lawsuit, the Plaintiffs, Kevin Nichols ("**Nichols**") and the Androscoggin County Employee Association ("**ACEA**"), are seeking to recover unpaid wages and overtime pay that they claim are due from the Defendant, Androscoggin County (the "**County**"). Nichols has been an employee of Androscoggin County in various capacities since 2009. In 2012 and 2013, Nichols was employed as a law enforcement officer, and during that time the ACEA was the collective bargaining agent for certain County Patrol, Dispatch, and Corrections employees. ACEA arbitrated a claim

against Androscoggin County related to Nichols's rate of pay under the 2011-2012 Collective Bargaining Agreement ("**CBA**"). The arbitration decision was issued on October 8, 2013, finding Nichols's "current rate of pay to be $18.95 per hour under the 2011-2012 CBA" and awarding Nichols "back pay from the date his wage was reduced, excluding the night differential." Arbitration Award (ECF No. 12-1). Thereafter, Nichols contends, the County failed to provide the back pay that was due for the period of October 12, 2012 through December 20, 2012. Am. Comp. ¶¶ 14, 20 (ECF No. 3-8). In addition, Nichols contends, the County incrementally deducted $28.56 from his weekly pay[1] without authorization and failed to provide him with the appropriate amount of overtime pay. Am. Comp. ¶ 14.

Nichols originally filed this action in Maine Superior Court against Androscoggin County asserting two counts: Count I seeking confirmation of the arbitration award, and Count II alleging a violation of Maine's Wages and Medium of Payment Act, 26 M.R.S. § 626-A. Comp. (ECF No. 3-4). The Defendant filed a motion to dismiss and Nichols filed a response and a motion to amend his complaint to include the ACEA as a Plaintiff and to add a third Count asserting a claim under the Fair Labor Standards Act ("**FLSA**") for unpaid overtime. The Superior Court granted the Plaintiff's motion to amend and an amended complaint was filed. The Defendant removed the case to this court based on this Court's original jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331. Thereafter, the parties filed supplemental briefs on the motion to dismiss.

---

[1] The total amount of payroll deductions was $342.72. Am. Comp. ¶ 15.

2

**LEGAL STANDARD**

The Defendant has moved pursuant to Rule 12(b) to dismiss Counts II and III.[2] Based on the arguments presented, I assume the grounds for the motion is failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the "legal sufficiency" of a complaint. *Gomes v. Univ. of Me. Sys.*, 304 F. Supp. 2d 117, 120 (D. Me. 2004). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

Faced with a motion to dismiss, the Court must examine the factual content of the complaint and determine whether those facts support a reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* In conducting this

---

[2] With respect to Count I, the Defendant "consents to the entry of judgment enforcing the award." Mot. to Dismiss 2 (ECF No. 3-5).

[3] To the extent that the Defendant's original motion to dismiss can be understood to raise a Rule 12(b)(1) challenge to the court's jurisdiction, I find that there is federal jurisdiction over the FLSA claim, 28 U.S.C. § 1331, and supplemental jurisdiction over the other claims, 28 U.S.C. § 1367.

examination, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). However, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In distinguishing sufficient from insufficient pleadings, a "context-specific task," courts must "draw on [] judicial experience and common sense." *Id.* at 679 (internal citation omitted).

## DISCUSSION

### I. Availability of Statutory Wage Claims

Citing the Maine Uniform Arbitration Act, 14 M.R.S.A. §§ 5951-5963, 5943, the Defendant contends that the arbitration provision of the CBA is the sole and exclusive remedy for failure to pay wages due under the terms of the CBA. Mot. to Dismiss at 2-3 (ECF No. 3-5). The Plaintiffs respond that arbitration under a union contract does not bar statutory wage and hour claims. Pls.' Opp'n to Def.'s Mot. to Dismiss 8-9 (ECF No. 3-6).

On more than one occasion the Supreme Court has held that arbitration of contract-based claims pursuant to a collective bargaining agreement does not preclude subsequent judicial resolution of statutory claims. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36 (1974); *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728 (1981); *McDonald v. City of West Branch*, 466 U.S. 284 (1984). *Barrentine* contains broad language strongly suggesting that FLSA claims are never appropriate for arbitration. *Barrentine*, 450 U.S. at 742–45. More recently, however,

4

in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the Supreme Court held that a provision requiring the arbitration of statutory age discrimination claims was enforceable, and indicated that unless a statutory scheme specifically removed a "particular class of grievances from the [National Labor Relations Act's] broad sweep," a CBA's arbitration clause should be given full effect.[4] *Id*. at 257–58. In reaching this conclusion, *Pyett* disapproved of *Barrentine* and similar opinions addressing other employment statutes insofar as they suggested that federal statutory claims could not be addressed properly through arbitration. *Id*. at 265–72.

It is well-settled that a waiver in a collective bargaining agreement must be established by clear and express contractual language. As the Supreme Court has stated, "we will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable." *Metropolitan Edison Co. v. NLRB*, 460 U.S. 693, 708 (1983); *Cavallaro v. Univ. of Mass. Mem'l Healthcare, Inc.*, 678 F.3d 1, 7 n. 7 (1st Cir. 2012) ("A broadly-worded arbitration clause such as one covering 'any dispute concerning or arising out of the terms and/or conditions of [the CBA] . . . ' will not suffice [to establish waiver]; rather, something closer to specific enumeration of the statutory claims to be arbitrated is required."). The Defendant does not assert that the CBA in this case provides a specific waiver of

---

[4] The CBA at issue in *Pyett* provided "All such [statutory discrimination] claims shall be subject to the grievance and arbitration procedures . . . as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination." *Pyett*, 556 U.S. at 252.

statutory rights. Mot. to Dismiss 2. The CBA attached to the Plaintiffs' Supplemental Brief does not waive the right to a judicial forum for statutory violations as the collective bargaining agreement did in *Pyett*. Accordingly, the plaintiffs are not bound by the CBA to arbitrate these statutory claims.

## II. Relitigation of Arbitration Decision

The Defendant also contends that the Plaintiffs ask the court to "disregard the arbitration provision in the bargained-for CBA and Maine statute and hit the reset button, forcing the parties to re-litigate the matter from the beginning." Def.'s Supplemental Mot. to Dismiss 2. I do not understand the Plaintiffs' amended complaint to seek relitigation of issues determined in the arbitration decision. For example, the amended complaint provides that "the County did not pay per the [arbitration] decision, continuing to maintain that they were not obligated to pay prior to December 20, 2012." Am. Comp. ¶ 20. Moreover, Count I of the Plaintiffs' amended complaint seeks confirmation and enforcement of the arbitration award, not relitigation of the issues decided there.

## III. Labor Management Relations Act

Next, the Defendant asserts that the Plaintiffs' FLSA and state law claims are preempted by the Labor-Management Relations Act ("**LMRA**"), 29 U.S.C. § 185(a).[5] Section 301 of the LMRA grants federal courts concurrent jurisdiction over actions for breach of contract based on a collective bargaining agreement between a union

---

[5] The LMRA excludes from the scope of its coverage an "employer" like Androscoggin County that is a "State or political subdivision thereof." 29 U.S.C. § 152(2). Although the parties have not addressed the issue, I question whether the LMRA covers Androscoggin County.

6

and an employer.[6] Not every dispute involving a CBA is preempted by § 301. The FLSA is a federal cause of action independent from a contract claim,[7] and while the employer may have defenses arising from the CBA, the FLSA claim itself does not depend on the CBA. *See Watts v. United Parcel Serv., Inc.*, 701 F.3d 188 (6th Cir. 2012) (court reversing district court's dismissal of employee's ADA claim against her employer on the basis of LMRA preemption). With respect to the Plaintiffs' statutory claims, it is not apparent at this point in the proceedings that the FLSA and state law claims depend on interpretation of the CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10 (1988) ( "[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes."). Therefore, neither the state nor federal claim in this case is preempted by the LMRA.

## IV. FLSA Claim

With respect to Count III, the Defendant contends that in 2012 it took twelve separate deductions of $28.56 from Nichols's pay to recoup an earlier overpayment. These payroll deductions, the Defendant asserts, were the sole basis for Nichols

---

[6] The statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

20 U.S.C. § 185(a).

[7] Preemption is based on the Supremacy Clause of the United States Constitution and deals with the effect of federal law on conflicting state law. The Defendant has not explained how a federal law could be preempted by another federal law.

receiving less than one and a half times his regular rate of pay for time worked over 43 hours and thus cannot not amount to a FLSA violation.

The amended complaint alleges that Nichols worked in excess of 43 hours for a number of weeks and that during these weeks "defendant deducted $28.56." Am. Comp. ¶¶ 37-42. For each week that overtime was due, the "[D]efendant paid plaintiff Nichols less than one and one half times his regular rate of pay for hours worked over 43." Am. Comp. ¶ 43. The amended complaint does not state, as the Defendant suggests, that it was as a result of these deductions that Nichols received "less than one and one half times his regular rate of pay for hours worked over 43." Am. Comp. ¶ 43. I do not understand the Plaintiffs' amended complaint or the briefing to concede that recoupment of an overpayment alone resulted in Nichols not being paid an appropriate overtime rate.[8]

### V. Maine Wages and Medium of Payment Act Claim

With respect to Count II, the Defendant asserts that 26 M.R.S. § 626-A is not an independent cause of action, but a penalties provision for substantive violations of Maine's wage and hour laws. Def.'s Supplemental Br. on Mot. to Dismiss 6-7 (ECF No. 11). While it is true that section 626-A is not the source of any substantive rights, section 621-A does provide a basis for the Plaintiffs' claim. A plaintiff does not need to point to the exact statute which entitles him to relief, so long as the complaint states a claim for relief that is plausible on its face. *Morales–Vallellanes v. Potter*, 339

---

[8] The Plaintiffs assert that "Nichols worked hours substantially in excess of 43 in five separate weeks during late 2012." Pls.' Opp'n to Def.'s Mot. to Dismiss 7.

F.3d 9, 14 (1st Cir. 2003) (citation omitted) ("A complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations."). Therefore, I decline to dismiss Count II simply because the Plaintiffs failed to cite the statute that confers the substantive right under which they sue.[9]

## CONCLUSION

For the reasons stated above, I **DENY** the Defendant's motion to dismiss.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 11th day of May, 2015.

---

[9] The Defendant also moves to dismiss Count II because "Nichols cannot state a cause of action under section 626 because he is still employed by the County" and section 626 "relates to an employee's rights after the end of his employment." Def.'s Supplemental Br. on Mot. to Dismiss 7. The Defendant correctly identifies that 26 M.R.S. § 626 supplies a worker's to rights after cessation of employment, but the Plaintiffs are not seeking recovery under section 626, rather the amended complaint states that they are seeking recovery under section 626-A.

9